PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KHRISTAN MANIGAULT, | ) | |
| | ) | CASE NO. 4:14cv585 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| OHIO DEPARTMENT OF | ) | |
| REHABILITATION AND CORRECTIONS, | ) | |
| *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF No. 8] |

Defendants, the Ohio Department of Rehabilitation and Correction ("ODRC"), Sharon

Chilson, Cheri Raber, and Natalie Bryant, have moved to the Court for judgment on the

pleadings.  ECF No. 8.  Plaintiff, Khristan Manigault, has filed an opposition brief.  ECF No. 9.

Defendants have replied.  ECF No. 10.  The Court has reviewed the motion, responsive briefs,

and governing law.  For the reasons provided below, the Court grants, in part, Defendants'

motion for judgment on the pleadings, and converts, in part, the motion into a motion for

summary judgment.

## I.  Background

### A.  Factual Background

Plaintiff brings an action under  42 U.S.C. § 1983, alleging Fourth and Fourteenth

Amendment violations after she visited the Trumbull Correctional Institution ("TCI") and was

strip searched.  ECF No. 1.  Plaintiff alleges that the "search was an unreasonable intrusion upon

1

(4:14cv585)

her person." ECF No. 1 at 5.

On or about August 11, 2013, Plaintiff went to TCI to visit her boyfriend, Ryan Morris, who is serving a felony sentence at TCI. ECF No. 1. Plaintiff was stopped by Chilson, an investigator for ODRC, and Raber and Bryant, who are ODRC correction officers. ECF No. 1. Plaintiff was stopped before she could go through the metal detector, and was told by Chilson, Raber, and Bryant, that she was suspected of bringing contraband into TCI and would have to submit to a strip search or be barred from the facility. ECF No. 1 at 3. Plaintiff alleges that she was taken to a public restroom and ordered to sign a "Notification of Personal Search" document. ECF No. 1 at 4. After signing, Plaintiff stood on paper towels, was surrounded by Chilson, Raber, and Bryant, disrobed completely, and was strip searched. ECF No. 1 at 4. No contraband was found on Plaintiff. She dressed and completed her visit. ECF No. 1 at 4.

**B. Procedural background**

Plaintiff brings six causes of action against Defendants. Plaintiff's first cause of action alleges that ODRC subjected her to an unlawful search and seizure in violation of the Fourth Amendment. ECF No. 1. The second cause of action asserts the same claim against Chilson, Raber, and Bryant. ECF No. 1. Plaintiff's third cause of action alleges that Chilson, Raber, and Bryant committed Fourteenth Amendment substantive and procedural due process violations. ECF No. 1. The fourth cause of action alleges the same claim against ODRC. ECF No. 1. Plaintiff's fifth cause of action alleges that all Defendants violated ORC § 5120.421.[1] ORC §

---

[1] Although Plaintiff cited ORC § 512.421 in support of the cause of action, she clearly intended to cite ORC § 5120.421.

2

(4:14cv585)

5120.421 describes the procedures correctional officers must follow when conducting strip searches of visitors and the circumstances under which a visitor to an ODRC institution may be subjected to a strip search.   ECF No. 1. The sixth cause of action appears to allege that Chilson, Raber, and Bryant committed a common law "civil assault" on Plaintiff.  ECF No. 1.

Defendants collectively answered, *see* ECF No. 7, and admitted that Plaintiff was strip searched.  Defendants, however, claimed that there was reason to believe Plaintiff was transporting contraband, specifically heroin, into TCI.  ECF No. 7 at 3.  Defendants attached to their answer a visitation history report for Morris, an incident report in which another inmate accused Morris of being the "heroin man," email correspondence from Morris to Plaintiff, and the two documents ("Authorization for Visitor Personal Search" and "Notification for Personal Search") that Plaintiff signed at TCI.  ECF No. 7-1; 7-2; 7-3; 7-4; 7-5.

On April 30, 2014, Defendants filed a motion for judgment on the pleadings on the grounds that Plaintiff's claims lack subject matter jurisdiction, the strip search was reasonable, and that Chilson, Raber, and Bryant are entitled to qualified immunity.  ECF No. 8.  Plaintiff filed an opposition brief.  ECF No. 9.  Defendants filed a reply.  ECF No. 10.  The motion is ripe for review.

## II.  Legal Standard

 The Sixth Circuit applies the same standard to Rule 12(c) motions for judgment on the pleadings as to motions to dismiss under Rule 12(b)(6).  *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012).  "To survive a [Rule 12(b)(6)] motion to dismiss, [the complaint] must allege 'enough facts to state a claim to relief that is plausible on its face.'"  *Traverse Bay Area*

3

(4:14cv585)

*Intermediate School Dist. v. Michigan Dept. of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (*quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). The Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008); *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997).

### III.  Discussion

**A.  Defendants' Exhibits Attached to the Complaint**

Defendants contend that the Court can review exhibits attached to their answer when the Court considers a motion for judgment on the pleadings.  ECF No. 10.  Plaintiff argues that Defendants' exhibits are not authenticated and so the Court should not consider the attached exhibits when resolving the motion for judgment on the pleadings.  ECF No. 9 at 6.

Fed. R. Civ. P. 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  A court conducts the same analysis for both motions to dismiss and motions for judgment on the pleadings to decide if attached exhibits are outside the pleadings and the motion must be converted into one for summary judgment. *Whittiker v. Deutsche Bank Nat. Trust Co.*, 605 F. Supp. 2d 914, 924-925 (N.D. Ohio 2009).  "In ruling on a motion to dismiss or motion for judgment on the pleadings, the Court may only consider documents attached to, incorporated by, or referred to in the pleadings." *Id.* at 924.  If an

4

(4:14cv585)

exhibit is referred to in the complaint, is central to the plaintiff's claim, and an authentic copy of the exhibit is attached to the motion to dismiss, a court may consider such exhibit when ruling on a motion to dismiss.  *Greenberg v. Life Insurance Co.  of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).  An exhibit attached to a complaint becomes a part of the pleading for the purposes of resolving a motion for judgment on the pleadings.  *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 296-97 (6th Cir. 2008).

Defendants point to *Menifee v. Rexam, Inc.*, No. 3:04CV7522, 2005 WL 2230257 at *2 (N.D. Ohio 2005) for the proposition that a court may consider exhibits attached to an answer in a motion for judgment on the pleadings, and does not have to convert a motion for judgment on the pleadings into a motion for summary judgment.  ECF No. 10 at 2.  In *Menifee*, however, the exhibits attached to the answer were specifically referred to in the complaint.  2005 WL 2230257 at *2.  Here, Defendants' exhibits were neither specifically mentioned in the complaint nor attached to the complaint.  Because Defendants do not supply legal authority and the Court has found none demonstrating that exhibits attached to the answer, but not attached to or referenced in the complaint, may be considered in a motion for judgment on the pleadings, the Court will not consider the exhibits at this juncture.

Fed. R. Civ. P. 12(d) provides that if a court considers matters presented outside of the pleadings in a Rule 12(c) motion, "the motion must be treated as one for summary judgment under Rule 56."  When a court converts a Rule 12(c) motion into a Rule 56 motion, the parties must be given an opportunity to supplement the Rule 56 motion to provide evidentiary materials in support of summary judgment.  Therefore, the Court will convert the Rule 12(c) motion into a

5

(4:14cv585)

motion for summary judgment, and provide an opportunity for the parties to present all materials

pertinent to the motion and to the claims not dismissed by the Court, as explained below.

   **B.  Subject Matter Jurisdiction**

   Defendants assert that the Court lacks subject matter jurisdiction under 42 U.S.C. § 1983

over the claims against ODRC and Chilson, Raber, and Bryant in their official capacities. "The

basic requirements of a § 1983 claim include a showing that (1) a person, (2) acting under color

of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265

*F.3d 399, 405 (6th Cir. 2001)*.  Defendants argue that neither ODRC nor Chilson, Raber, or

Bryant acting in their official capacities are "persons" under § 1983.  ECF No. 8 at 5.  Defendants

also argue that the Eleventh Amendment precludes suits against ODRC and Chilson, Raber, and

Bryant sued in their official capacities.  ECF No. 10 at 4.  Plaintiff contends that she has set forth

in the complaint a sufficient official capacity claim against Chilson, Raber, and Bryant.  ECF No.

9 at 9.

   "[N]either a State nor its officials acting in their official capacities are 'persons' under §

1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). State agencies are not

"persons" under § 1983.  *Clark v. People of State of Michigan*, 498 F.Supp. 159, 161 (E.D. Mich.

1980). A Department of Corrections is not a "person under § 1983.  *Parker v. Michigan Dept. of*

*Corrections*, 65 Fed. Appx. 922, 923 (6th Cir. 2003).  Finally, ODRC is not a "person" under §

1983.  *Carmichael v. City of Cleveland*, 881 F. Supp. 2d 833, 844 (N.D. Ohio 2012).

   Therefore, the Court lacks subject matter jurisdiction over Plaintiff's first and fourth

causes of action against ODRC.  The Court also lacks subject matter jurisdiction over Plaintiff's

(4:14cv585)

second and third causes of action against Chilson, Raber, and Bryant sued in their official

capacities.  Chilson, Raber, and Bryant, to the extent they are sued in their individual capacities,

are "persons" and can be sued under § 1983.  *See* *Hafer v. Melo*, 502 U.S. 21, 31 (1991) ("We

hold that state officials, sued in their individual capacities, are "persons" within the meaning of §

1983").  Plaintiff's second and third causes of action against Chilson, Raber, and Bryant sued in

their individual capacities can move forward.

In addition, the Eleventh Amendment bars suits in federal courts against a state and its

agencies, "regardless of the relief sought.*"*   *Puerto Rico Aquduct and Sewer Auth. v. Metcalf &*

*Eddy, Inc.*, 506 U.S. 139, 146 (1993).  The Sixth Circuit has noted that the Eleventh Amendment

prohibits suits against states "whether for injunctive, declaratory or monetary relief" in federal

courts.  *Lawson v. Shelby County*, 211 F.3d 331, 335 (6th Cir. 2000).   Ohio "has neither

constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts.*"*

*Washington v. McCoy*, No. 1:12cv628, 2014 WL 1819268, at *7 (S.D. Ohio 2014) (*citing Johns

v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985)); s*ee Carmichael v. City of

Cleveland*, 881 F. Supp. 2d at 844 (Eleventh Amendment bars suit seeking monetary and

injunctive relief against ODRC because Ohio has not consented to suit).

States and state agencies have sovereign immunity under the Eleventh Amendment.

Therefore, the fifth cause of action is dismissed as to ODRC, and the fifth and sixth causes of

action are dismissed against Chilson, Raber, and Bryant to the extent they are sued in their

(4:14cv585)

official capacities.[2]  The Eleventh Amendment allows suits against state officials sued in their

individual capacities. *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991). Therefore, the fifth and sixth

causes of action set forth in the complaint can move forward against Chilson, Raber, and Bryant

sued in their individual capacities.

### C.  Basis for Strip Search

Defendants argue that Plaintiff's complaint should be dismissed because "Defendants had

reasonable suspicion based on objective facts, viewed in light of their experiences, to believe that

Plaintiff might attempt to smuggle heroin into TCI."  ECF No. 8 at 7.  Plaintiff argues that an

"uncorroborated confidential informant's statement and the unauthenticated prison's record of

visitors, without more, cannot create a reasonable suspicion."  ECF No. 9 at 11.

The Fourth Amendment guarantees freedom from unreasonable search and seizure.

*Chandler v. Miller*, 520 U.S. 305 (1997).  Persons who visit jails have a reduced expectation of

privacy.  *Spear v. Sowders*, 71 F.3d 626, 630 (6th Cir. 1995) (*citing Blackburn v. Snow*, 771

F.2d 556, 565 (1st Cir. 1980).  The Sixth Circuit requires reasonable suspicion that a visitor has

contraband before authorizing a strip search of that visitor.  *Spear*, 71 F.3d at 630.

Reasonableness is a fact intensive inquiry. *Daugherty v. Campbell*, 935 F.2d 780, 789 (6th Cir.

1991)(dissenting) (*citing Bell v. Wolfish*, 441 U.S. 520, 559 (1979)) ("[t]he test of reasonableness

under the Fourth Amendment is not capable of precise definition or mechanical application. . . .

Courts must consider the scope of the particular intrusion, the manner in which it is conducted,

---

[2]  The Eleventh Amendment is also an independent basis for dismissing Plaintiff's first
and fourth causes of action against ODRC, and the second and third causes of
action against Chilson, Raber, and Bryant sued in their official capacities.

(4:14cv585)

the justification for initiating it, and the place in which it is conducted").

The Sixth Circuit has upheld strip searches of prison visitors when there is reasonable suspicion that the visitor has contraband. *See Spear v. Sowders*, 71 F.3d 626 (6th Cir. 1995) (holding that reasonable suspicion existed when authorities had tip from confidential informant, informant had given reliable information in the past, visitor planned to visit inmate with history of possessing drugs in jail, drugs had been smuggled into jail before, and visitor fit informant's description); *but see Daugherty v. Campbell*, 33 F.3d 554 (6th Cir. 1994) (holding no reasonable suspicion when strip search was based on corrections officer's uncorroborated statement, one anonymous letter, and one letter with false name).

Because the Court has decided to convert, in part, the motion for judgment on the pleadings into a motion for summary judgment, the Court reserves deciding the issue of whether reasonable suspicion existed for the strip search until the parties have filed supplemental briefs.

### D.  Qualified Immunity

Defendants assert that Chilson, Raber, and Bryant are entitled to qualified immunity because "Defendants had reasonable suspicion . . .  to believe that Plaintiff might attempt to smuggle heroin into TCI."  ECF No. 8 at 8.  Plaintiff argues that Defendants have "failed to demonstrate that their actions were objectively reasonable."  ECF No. 9 at 13.

Qualified immunity is an affirmative defense available to government officials. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982).  In analyzing a qualified immunity defense, the Sixth Circuit asks whether "the plaintiff has shown that a constitutional violation occurred" and whether "the right was clearly established at the time of the violation." *Santiago v. Ringle*, 734

9

(4:14cv585)

F.3d 585, 593 (6th Cir. 2013) *(quoting Harris v. City of Circleville, 583 F.3d 356, 365 (6th Cir. 2009)*. The Supreme Court has elaborated on what is meant by clearly established: "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1985).

Because the present motion will be converted, in part, into a motion for summary judgment, the Court will allow the parties to file supplemental briefs before resolving this issue.

### IV. **Conclusion**

Based on the foregoing, the Court dismisses for lack of subject matter jurisdiction Plaintiff's first, fourth, and fifth causes of action against ODRC, and Plaintiff's second, third, fifth, and sixth causes of action against Chilson, Raber, and Bryant sued in their official capacities. Plaintiff's second, third, fifth, and sixth causes of action proceed against Chilson, Raber, and Bryant sued in their individual capacities.

Defendants' motion for judgment on the pleadings is converted, in part, to a motion for summary judgment.

Defendants shall file, not later than fourteen days from the date of this Order, supplemental brief(s) in support of their motion for summary judgment. Fourteen days after Defendants' submission(s), Plaintiff shall respond. Defendants may reply seven days later. If the parties desire a different briefing schedule, they shall consult and jointly propose a modified schedule not later than September 26, 2014.

IT IS SO ORDERED.

 September 19, 2014                           /s/ Benita Y. Pearson
Date                                                Benita Y. Pearson

10

(4:14cv585)

United States District Judge

C:\Users\rheinl\AppData\Local\Temp\notesAAF8F6\~6185509.wpd